**HUNTER VENDING COMPANY,**
**a corporation, Appellant,**

**v.**

**D. C. VENDING CO., INC., Appellee.**

**No. 8783.**

District of Columbia Court of Appeals.

Argued March 18, 1975.

Decided Sept. 30, 1975.

---

Nicholas Kapnistos, Washington, D. C., for appellant.

Dimitri P. Mallios, Washington, D. C., for appellee.

Before FICKLING, KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This appeal arises from a judgment in favor of plaintiff-appellee, D. C. Vending Co., for damages in the amount of $1,700 from defendant-appellant, Hunter Vending Co., for inducing the breach of appellee's contract with Ola L. Cole. We hold that D. C. Vending Co. did not adduce evidence of the knowing procurement of a breach of contract, a necessary element of the tort. Accordingly, the judgment is reversed.

■ To recover for the tort of inducing a breach of contract the following elements must be established: Proof must show (1) a contract; (2) knowledge of the contract; (3) intentional procurement of its breach by the defendant; and (4) damages resulting from the breach. We hold that there is lacking in this case proof of the second, and necessarily of the third, element of the cause of action.

In August, 1972, D. C. Vending Co. entered into a written contract with Ola L. Cole for the installation of a cigarette vending machine, a jukebox, and a pinball machine in the premises of a restaurant managed by her and her husband, James. The written contract granted D. C. Vending Co. exclusive rights for five years and provided for the distribution of the gross proceeds from the operation of the machines. Mrs. Cole testified that in the latter part of April, 1973, D. C. Vending Co. was given two weeks' notice before its machines were disconnected and placed in the backyard. The machines had malfunctioned. Mrs. Cole thereafter telephoned Hunter Vending Co. to arrange for new vending machines. In response, a Hunter salesman visited the restaurant premises twice but observed no vending machines. The salesman testified that he asked Mr. Cole whether there was a contract with another vending machine company. He was told there was no existing contract. Pursuant to this conversation, Hunter Vending Co. entered into an oral contract with Mr. Cole to supply vending machines. Two days later, while a truck bearing the Hunter machines was parked outside the restaurant, an employee of D. C. Vending Co. passed by and informed the driver that D. C. Vending Co. had a contract on that lo-

cation. The employee then left and went to his office. Twenty minutes later, he returned to the restaurant and reasserted to Hunter's employee that D. C. Vending Co. had a contract with the Coles but he did not produce this contract.

■ We agree that proof existed as to the first element of the cause of action namely a valid contract was shown to exist between the Coles and D. C. Vending Co. We conclude, however, that the second element, knowledge of the existence of the contract, was not satisfied. Hunter Vending Co.'s employee visited the restaurant and observed no vending machines. He then asked the owner whether there was an existing contract for machines and was told there was not. In *Deoudes v. G. B. Macke Corp.*, D.C.Mun.App., 153 A.2d 309 (1959), this court held there was no interference with the first company's contracts where the second company relied in good faith upon the proprietor's representation that the contracts had expired. In *Deoudes*, the first company's machines were on the premises whereas here Hunter Vending Co.'s salesman did not observe any machines.

Moreover, *Deoudes* also is dispositive of the instant case when consideration is given to the post-Hunter contract protestations of the D. C. Vending employee that D. C. Vending Co. had a contract with the Coles. When Hunter Vending "installed its machines it was then acting in compliance with its contract which, as we have seen, was not an intentional interference. Enforcing or complying with one's own valid contract does not constitute unjustifiable interference with another's contract." *Deoudes v. G. B. Macke Corp.*, *supra* at 311.

Appellee, D. C. Vending Co., failed to offer proof that Hunter Vending Co. knowingly and intentionally induced the breach of the Cole contract. Therefore, the judgment of the Superior Court is

*Reversed and the case remanded with instructions to enter judgment for Hunter Vending Co.*